UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAYA JALLOW, <br><br> Plaintiff, <br><br> -against- <br><br> STATE OF NEW YORK, et al., <br><br> Defendants. | 23 Civ. 3969 (LGS) <br><br> <u>ORDER OF SERVICE</u> |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, who is appearing pro se, brings this action under 42 U.S.C. § 1983 and other statutory provisions, alleging that Defendants violated his federal constitutional rights. By order dated May 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against the State of New York, City of New York, New York City Department of Correction ("DOC"), and City of New York Police Department ("NYPD"); (2) directs the Clerk of Court under Rule 21 of the Federal Rules of Civil Procedure to add Correction Officer Terrel and John Doe correction officers 1-4 as defendants in this action; (3) requests that Defendant Terrel waive service of summons; (4) directs the New York Law Department to assist in identifying the John Doe defendants; and (5) directs Defendants to comply with Local Civil Rule 33.2.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original).[1]

## DISCUSSION

### A. Previously Dismissed Claims

Familiarity with the underlying facts of this case as summarized in Chief Judge Laura Taylor Swain's January 2, 2024, order is assumed. In that order, Chief Judge Swain held that Plaintiff's claims: (1) against the State of New York were barred by the Eleventh Amendment; (2) against DOC were dismissed because an agency of the City of New York is not an entity that can be sued; and (3) against the City of New York were dismissed for failure to state a municipal liability claim. (ECF 11.) The order also dismissed Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act, conspiracy claims under 42 U.S.C. § 1985, race discrimination claims under the Fair Housing Act and 42 U.S.C. § 1981, and claims under various provisions of the federal criminal code. To the extent the amended complaint seeks to reassert the previously dismissed claims, the Court dismisses them for the reasons stated in Chief Judge Swain's order.

### B. Claims Against the NYPD

Plaintiff names the NYPD for the first time in the amended complaint. His claims against the NYPD must also be dismissed because an agency of the City of New York is not an entity

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **Excessive Force Claim**

The only remaining claim in this action is Plaintiff's assertion that on or about April 28, 2022, Correction Officer Terrel and four other correction officers subjected him to excessive force at Manhattan Central Booking. Although Plaintiff alleges facts about this claim, he does not name Terrel and the four John Doe correction officers as defendants in the amended complaint. The Clerk of Court is therefore respectfully directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add Correction Officer Terrel and John Doe correction officers 1-4 as defendants in this action.

D.     **Waiver of Service of Summons**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that Defendant Terrel, a correction officer who was employed at the Manhattan Central Booking on April 28, 2022, waive service of summons.

E.     ***Valentin* Order**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the DOC to identify the four other correction officers

who, along with Defendant Terrel, allegedly used excessive force against Plaintiff at Manhattan Central Booking after his April 28, 2022, arrest. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, shall ascertain the identity and badge number of each John Doe correction officer whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The Law Department shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff shall file another amended complaint naming the John Doe defendants. This further amended complaint will replace, not supplement, the complaints filed thus far. Once Plaintiff has filed this further amended complaint, the Court will screen it and, if necessary, issue an order asking the newly named defendants to waive service.

**F.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" (https://www.nysd.uscourts.gov/node/831) and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this

---

[2] If the Doe defendants are current or former DOC employees or officials, the Law Department shall note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendants are not current or former DOC employees or officials, but otherwise work or worked at a DOC facility, the Law Department shall provide residential addresses where the individuals may be served.

order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York, City of New York, York City Department of Correction, and City of New York Police Department.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is respectfully directed to (1) add Correction Officer Terrel and John Doe correction officers 1-4 as defendants under Fed. R. Civ. P. 21; and (2) electronically notify the DOC and the New York City Law Department of this order.  The Court requests that Defendant Terrel waive service of summons.

The Clerk of Court is respectfully further instructed to mail a copy of this order and the amended complaint to the New York City Law Department at 100 Church Street, New York, New York 10007.

The Clerk of Court is also respectfully directed to mail an information package to Plaintiff.  Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  April 9, 2024
        New York, New York

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.