Application **GRANTED**. By **July 25, 2024**, the New York City Law Department shall (1) comply with the Court's *Valentin* order and (2) file a letter updating the Court on the status of identification of the four unnamed correction officers in the amended complaint and any service waivers, as well as the status of representation for NYPD Detective David Terrell.

Plaintiff's motion to hold Defendant New York City Department of Corrections in contempt for their efforts to identify Defendant Terrell is **DENIED** in light of the explanation in this letter.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and to mail a copy of this Order and the amended complaint to David Terrell, 100 Centre Street, New York, NY 10007. The Clerk of Court is also respectfully directed to close the motions at Dkts. 18 and 19.

Dated: May 28, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

<u>VIA ECF</u>
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>Yaya Jallow v. Correction Officer Terrel et al.,</u>
              23 Civ. 3969 (LGS)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter.[1] The undersigned respectfully writes: (1) in accordance with the Court's Order dated May 14, 2024 to update the Court on the status of the identification of the correction officers as described in the Amended Complaint and service waivers, <u>see</u> ECF No. 17; and (2) to request a forty-five (45) day extension of time, from June 10, 2024 until July 25, 2024 for this Office to comply with the Court's <u>Valentin</u> Order dated April 9, 2024. <u>See</u> ECF No. 14. This is the first request for such an extension of time and plaintiff *pro se* Yaya Jallow, consents to this request.

      By way of background, plaintiff, who is proceeding *pro se*, brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that "Correction Officer David Terrel" and four

---

[1] This case has been assigned to Assistant Corporation Counsel Randy Nandlall, who is awaiting admission to the Southern District. Mr. Nandlall is handling this matter under my supervision and may be reached at (212) 356-2356 or rnandlal@law.nyc.gov.

other "correction officers" allegedly used excessive force against plaintiff at Manhattan Central Booking after his arrest on or about April 28, 2022. On April 9, 2024, the Court issued a <u>Valentin</u> Order directing the New York City Law Department to identify the "four other correction officers, who, along with Defendant Terrel, allegedly used excessive force against Plaintiff at Manhattan Central Booking after his April 28, 2022 arrest" and further requested that defendant Terrel, who was believed to be a correction officer based on plaintiff's allegations in the Amended Complaint, waive service of summons. <u>See</u> ECF No. 14. On May 7, 2024, the New York City Department of Correction informed the Court that it declines to waive service of summons on behalf of defendant Terrel as there is no staff in the agency that matches that name. <u>See</u> ECF No. 16. On May 14, 2024, the Court ordered the parties to meet and confer "on the identities of the correction officers described in the amended complaint" and ordered the parties to file "a joint letter updating the Court on the status of the identification and service waivers." ECF No. 17.

On May 22, 2024, Mr. Nandlall conferred with plaintiff pursuant to the Court's May 14, 2024 Order at which time plaintiff provided a physical description of the individual plaintiff refers to as "Correction Officer David Terrel" in the Amended Complaint. Additionally, this Office has conducted an independent investigation into the identity of "Correction Officer David Terrel." Based on that investigation, upon information and belief, the undersigned respectfully submits that the individual to whom plaintiff refers to as "Correction Officer David Terrel" is New York Police Department Detective David Terrell, Shield No. 4523.[2] With respect to the status of waivers, this Office respectfully submits that it cannot accept service or waive service of summons on behalf of individually named defendant Terell as this Office has not resolved representation with him. Upon information and belief, Detective Terrell is assigned to the Manhattan Court Section and may be served at 100 Centre Street, New York, NY 10007.

With respect to the four other individuals to whom plaintiffs refers to as "correction officers" in the Amended Complaint, during the telephone call with plaintiff on May 22, 2024, he indicated to Mr. Nandlall that he does not recall specific details with respect to their physical appearances. Accordingly, the undersigned respectfully requests a forty-five (45) day extension of time, from June 10, 2024 until July 25, 2024, to respond to the Court's <u>Valentin</u> Order in order for this Office to investigate the allegations in the Amended Complaint and attempt to identify the four other individuals plaintiff seeks to sue in this matter and to provide service addresses.

Thank you for your consideration herein.

---

[2] On May 21, 2024, plaintiff filed a motion to hold "Defendant, New York Department of Correction" in contempt for failing to identify "Correction Officer David Terrel." ECF No. 18. For the reasons explained in this letter, among other things, plaintiff's motion should be denied as the New York City Department of Correction ("DOC") complied with the Court's April 9, 2024 Order and it appears that the reason DOC was unable to locate purported defendant "Correction Officer Terrel" was because the individual plaintiff seeks to sue in this matter is not a member of DOC.

                                                              Respectfully submitted,

                                                              ***/s/ Inna Shapovalova***
                                                              Inna Shapovalova
                                                              *Senior Counsel*
                                                              Special Federal Litigation Division

**CC:**    **BY FIRST-CLASS MAIL**
           Yaya Jallow
           *Plaintiff Pro Se*
           4380 Bronx Blvd
           Bronx, NY 10466

3