Application **GRANTED**.  By **August 26, 2024**, the City shall file a letter providing Defendant Kevin Collins' address for service in redacted form substantially the reasons stated in this letter.  A full unredacted version of the letter shall be filed under seal.  So Ordered.

Dated: August 22, 2024
     New York, New York

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*[Signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

    Re:    <u>Yaya Jallow v. Correction Officer Terrel, et al.</u>,
            23 Civ. 3969 (LGS)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. The undersigned respectfully writes in accordance with the Court's August 13, 2024 Order to provide an update on the status of service for defendant Kevin Collins.

    By way of relevant background, plaintiff, who is proceeding *pro se*, brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, a claim for excessive force against "Correction Officer David Terrel" and four other "correction officers" arising from an incident at Manhattan Central Booking on or about April 28, 2022 as a result of which plaintiff was charged with, *inter alia,* assaulting a police officer.

    On May 24, 2024, the undersigned informed the Court that this Office has conducted an investigation into the identity of "Correction Officer David Terrel" and that based on that investigation, the individual to whom plaintiff refers to as "Correction Officer David

Terrel" is New York City Police Department ("NYPD") Detective David Terrell. See ECF No. 19. On July 25, 2024, the undersigned responded to the Court's Valentin Order, identified Detective Rasequr Malik, Kevin Collins, Raheen Rivers, and Jermack Romero, provided a service address for Detective Rasequr Malik, and noted that Kevin Collins, Raheen Rivers, and Jermack Romero are no longer employed by the New York City Police Department ("NYPD") and that this Office is in the process of obtaining service addresses for them. See ECF No. 21. On July 29, 2024, the Court ordered the City to file an update on the status of service and representation for defendants Rasequr Malik, Kevin Collins, Raheen Rivers, Jermack Romero and David Terrell. See ECF No. 22. On August 12, 2024, the undersigned provided an update to the Court with respect to defendants Rasequr Malik, Raheen Rivers, Jermack Romero and David Terrell and further informed the Court that the NYPD has reached out to former Officer Kevin Collins but has not yet heard back from him as to whether he consents to service at 1 Police Plaza. See ECF No. 24. On August 13, 2024, the Court ordered the City to file an update as to the status of service for defendant Kevin Collins. See ECF No. 25.

Upon information and belief, the NYPD has been unable to reach former Officer Kevin Collins to determine if he consents to being served at 1 Police Plaza, New York, NY 10038 for this matter. The undersigned has obtained former Officer Kevin Collins' last known residential address and respectfully requests leave to file his address under seal. The undersigned makes this request for leave to file under seal due to safety and privacy concerns as defendant Kevin Collins is a former police officer. Additionally, the undersigned further requests that the summons issued for defendant Collins be filed in redacted form on the docket and that access to the sealed filing be limited to the undersigned and the Court.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Randy Nandlall*
Randy Nandlall
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   **BY FIRST-CLASS MAIL**
Yaya Jallow
*Plaintiff Pro Se*
4380 Bronx Blvd
Bronx, NY 10466