UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
YAYA JALLOW,                                    :
                            Plaintiff,    :
                                             :          23 Civ. 3969 (LGS)
                  -against-                    :
                                             :          <u>ORDER</u>
DAVID TERRELL et al.,                  :
                            Defendants.  :
                                             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       This case has been assigned to me for all purposes. The parties should abide by this Court's Individual Rules of Practice in Civil Pro Se Cases, which are attached to this Order and can be found on the internet at http://www.nysd.uscourts.gov/judge/Schofield.

       It is hereby ORDERED that a conference will be held on **November 20, 2024** at **4:00 p.m**. The conference will be telephonic. At that time, the parties shall the parties shall call 888-363-4749 and enter the access code 558-3333. Any party who has retained counsel prior to the conference need not personally attend and should instead have their attorney attend on their behalf. The Court will issue an order providing the dial-in information for the conference. By the date of the initial pretrial conference, counsel for any represented party is required to register as a filing user on ECF. The Clerk of Court shall mail the following documents in addition to the IPTC order to the Plaintiff:
        a. Motion for Permission for Electronic Case Filing, at http://www.nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases.
        b. Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, at http://nysd.uscourts.gov/file/forms/consent-to-electronic-service-for-pro-se-cases.

       The purpose of the conference is to discuss the possibility of settlement, any possible motions the parties may wish to make, and the schedule for discovery. The parties should be prepared to discuss the type of discovery that will likely be sought. **<u>No later than 7 days before the initial pretrial conference</u>**, the parties are directed to confer and jointly submit a proposed case management plan based on the Court's template, which is available at http://nysd.uscourts.gov/judge/Schofield.

       The parties are further directed to include with the Proposed Civil Case Management Plan a joint letter, not to exceed 5 pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, explaining why Plaintiff believes this matter is properly brought before this Court, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue;

(3) A brief description of any (i) motions any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;

(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(5) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(7) Any other information that the parties believe may assist this Court in resolving the action.

If this case has been settled or otherwise terminated, the parties are not required to appear if a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent to Chambers before the date of the conference (Schofield_NYSDChambers@nysd.uscourts.gov).

Any request for an extension or adjournment shall be made only by letter as provided in Pro Se Rule 1.C (*see* below) and must be received at least 48 hours before the deadline or conference. Unless the parties are notified that the conference has been adjourned, it will be held as scheduled.

Any party who is not incarcerated and is appearing pro se (without an attorney) may contact the Pro Se Law Clinic, which may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic

2

can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).  In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm.  Appointments are also available remotely Monday through Friday, 10am to 4pm.

    **DATE AND PLACE OF CONFERENCE**:   **November 20, 2024** at **4:00 p.m**., to be held telephonically as stated in the instructions on the first page of this Order.

    The clerk is directed to mail a copy of this order to the pro se Plaintiff.

Dated: October 23, 2024
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**

**SPECIAL RULES & PRACTICES IN CIVIL *PRO SE* CASES**
**JUDGE LORNA SCHOFIELD, UNITED STATES DISTRICT JUDGE**

**<u>Pro Se Office</u>**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, New York 10007
(212) 805-0175

1. **Communications**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be sent to the Pro Se Office and must include an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or to their counsel if they are represented. No documents or Court filings should be sent directly to Chambers.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Schofield's Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Schofield. Such communications must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

2. **Filing of Papers.**

   A. **By a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented. If counsel for a party in a *pro se* case files and delivers a Notice of Waiver of Paper Service pursuant to section 2(C) below, the *pro se* party will no longer be required to (1) send copies to counsel who filed the waiver or (2) file a corresponding Affidavit of Service but will still need to submit paperwork to the Pro Se Office for filing on ECF.

1

B. **By Parties Represented by Counsel.** Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court a separate Affidavit of Service. Submissions filed without proof that the *pro se* party was served will not be considered.

C. **Waiver of Paper Service by Counsel.** Counsel in *pro se* cases designated to the ECF system may waive paper service upon themselves and rely on service through the ECF system by electronically filing a Notice of Waiver of Paper Service (available at http://nysd.uscourts.gov/file/forms/waiver-of-rule-5-service-for-pro-se-cases and in the Pro Se Office) and delivering a paper copy of such Notice to the *pro se* party. Where such Notice is filed, the *pro se* party will no longer be required to: (1) serve paper documents on the counsel who filed the waiver or (2) file proof of service of such document. Counsel in *pro se* cases designated to the ECF system are strongly encouraged to file such a waiver.

3. **Discovery.** All requests for discovery must be sent to counsel for the opposing party. Discovery requests must not be sent to the Court.

4. **Motions**

    A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

    B. **Courtesy Copy.** All motion papers should include one courtesy copy. All courtesy copies shall be clearly marked as such.

    C. **Oral Argument.** The Court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

    D. ***Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

5. **Initial Case Management Conference.** The Court will generally schedule an initial case management conference within four months of the filing of the Complaint. An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone or video conference.

6. **Trial Documents**

    A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party hopes to prove at trial; (2) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial. The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party. The *pro se* party shall file an original of this Statement with the Pro Se Office and an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other

parties or their counsel if they are represented. Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same information.

B. **Other Pretrial Filings.** At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed findings of fact and conclusions of law, if the case is to be tried before only a judge without a jury, or a proposed jury charge, if it will be tried before a jury. The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so.

If you have any questions about these rules and practices, please contact the Pro Se Office at (212) 805-0175.